**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-1548**

───────────

JEFFREY THOMPSON; JOHN J. SMITH,

        Plaintiffs - Appellants,

    v.

DORCHESTER COUNTY SHERIFF'S DEPARTMENT; DORCHESTER COUNTY; RAY
NASH, Individually and in his official capacity; JOHN BARNEY
BARNES; WILLIAM FRENCH; TIM STEPHENSON,

        Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, District Judge.
(2:06-cv-00968-DCN)

───────────

Argued: May 13, 2008          Decided: June 9, 2008

───────────

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and Claude M.
HILTON, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED:** John Allen O'Leary, O'LEARY & ASSOCIATES, INC., Columbia,
South Carolina, for Appellants.  Caroline Wrenn Cleveland,
Charleston, South Carolina; Alissa DeCarlo, BARNWELL, WHALEY,
PATTERSON & HELMS, LLC, Charleston, South Carolina, for Appellees.
**ON BRIEF:** M. Dawes Cooke, Jr., John William Fletcher, BARNWELL,
WHALEY, PATTERSON & HELMS, LLC, Charleston, South Carolina, for
Appellee Tim Stephenson.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Jeffrey Thompson and John J. Smith appeal the district court's order denying relief on their complaint under 42 U.S.C.A. § 1983 (West 2003 & Supp. 2007). Appellants, both former deputy sheriffs with the Dorchester County, South Carolina Sheriff's Department, contend that Dorchester County Sheriff Ray Nash and county staff members William French, John Barney Barnes, and Tim Stephenson (collectively "Appellees") violated their First Amendment rights by engaging in a pattern of harassment and intimidation because Appellants supported Nash's opponent in the sheriff's election. Applying the two-step framework set forth in Saucier v. Katz, 533 U.S. 194, 200 (2001), the district court first concluded that Appellants had properly alleged a violation of a constitutional right to be free from harassment based on their support of Sheriff Nash's opponent in the election but then also concluded that such right was not clearly established at the time of Appellees' alleged actions.[1] Accordingly, the court granted Appellees' motion to dismiss on the basis of qualified immunity.[2]

---

[1]To be clear, the district court did not find a constitutional violation to the extent that Appellants' claims were predicated on job termination. See Jenkins v. Medford, 119 F.3d 1156 (4th Cir. 1997) (en banc) (holding that sheriff's patronage dismissals of deputy sheriffs did not violate the First Amendment because deputy sheriffs were policymakers).

[2]Appellants also allege a claim based on their right to a "secret ballot." As the district court recognized, however, the Supreme Court has never recognized secrecy in voting as a constitutionally-guaranteed right.

We have reviewed the record, the district court's thorough opinion, and heard oral argument in this case, and find no reversible error. Accordingly, we affirm based substantially on the reasoning of the district court. See Thompson v. Dorchester County Sheriff's Dep't, No. 2:06-cv-00968-DCN (D.S.C. May 4, 2007).

AFFIRMED